## In re MADGE et al.
### Patent Appeal No. 2868.

Court of Customs and Patent Appeals.
March 7, 1932.

Walter L. Pipes, of New York City (George F. Gourley, of New York City, of counsel), for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner denying all of the claims, 1 to 17, inclusive, in appellants' application for a patent for an alleged invention relating to golf balls and to a method of making them.

Claims 1, 5, and 13 are illustrative. They read:

"1. The method of making golf balls which comprises applying to a core a cover of a balata compound containing an alkaline carbonate, and subjecting the cover to an intensive sulphur monochloride cure."

"5. The method of making golf balls which comprises applying to a core a cover of a balata compound containing an alkaline carbonate, subjecting the cover to an intensive sulphur monochloride cure, and eliminating excess sulphur monochloride from the ball."

"13. A golf ball embodying a tough and age resisting cover of a balata-rubber compound containing an alkaline carbonate, the cover having a relatively deep sulphur monochloride cure."

The references are: Whittelsey, 1,238,-236, August 28, 1917; Hoffman, 1,251,029, December 25, 1917; Muntz, 1,354,123, September 28, 1920; Hoffman, 1,405,845, February 7, 1922.

Appellants' method of making golf balls comprises, first, applying to a core a cover of a balata compound containing an alkaline carbonate; second, subjecting the cover to an intensive sulphur monochloride cure; and, third, the elimination of excess sulphur monochloride by the application of "ammonia water or a caustic solution and then pure water," etc.

According to appellants' specification, the alkaline carbonate serves to neutralize the acids set free by sulphur chloride remaining in the ball after vulcanization.

The patent to Hoffman, No. 1,405,845, discloses the use of a vulcanized balata compound cover for golf balls.

It is true, as argued by counsel for appellants, that the balata compound there disclosed contained an admixture of "small quantities of sulfur and a rapid accelerator of vulcanization." However, the patentee disclosed the method of vulcanizing partly vulcanized covers by the application of sulphur chloride.

The Hoffman patent, No. 1,251,029, shows that it is old to vulcanize the cover of golf balls by the application of sulphur monochloride.

The patent to Whittelsey relates to improvements in the method of vulcanizing rubber articles. In his specification, the patentee stated that the "sulfur chlorid method of curing rubber consists in subjecting the formed articles to the action of a vapor, gas, or solution of sulfur-monochlorid," and that it was old in the art to neutralize the acid formed by the action of free sulphur monochloride by

subjecting the articles to "ammonia gas, a weak solution of ammonia, or a water solution of caustic."

The patent to Muntz relates to the treatment of vulcanized India rubber goods embodying a foundation fabric. This patent shows that it is old to subject finished or partly finished articles to an alkaline carbonate to neutralize the "products of decomposition." In his specification, the patentee stated that the neutralizing compounds "are either mixed with the rubber solution as 'fillers' or impregnated into or deposited on to the foundation fabric or are formed in situ by treating the salts previously introduced into the components of vulcanized rubber goods with ammonia by immersion either before, during or after vulcanization."

That appellants' claimed process is new and produces a superior product may be admitted. It does not follow, however, that invention is present. Each step in the process is plainly suggested by the prior art, and, in our opinion, nothing more than the exercise of mechanical skill was required to produce appellants' process.

We concur in the conclusion reached by the Patent Office tribunals that the involved claims, process, and product, are unpatentable. Accordingly, the decision of the Board of Appeals is affirmed.

Affirmed.